[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DATE OF SENTENCE OCTOBER 26, 1995 DATE OF APPLICATION OCTOBER 26, 1995 DATE OF APPLICATION FILED NOVEMBER 24, 1995 DATE OF DECISION JANUARY 23, 2001
Application for REVIEW OF SENTENCE imposed by the Superior Court, Judicial District of Tolland. Docket Nos. CR19-50354, CRl9-50355.
Arthur Meisler, Esq., Defense Counsel for Petitioner.
Sandra Tullius, Esq., Assistant States Attorney for the State.
 BY THE DIVISION
CT Page 3113
In CR92-50354 John Buckley, petitioner, was convicted of Risk of Injury to a Minor, and Sexual Assault in the Fourth Degree. The factual basis for the charges related to the sexual molestation of a 10-year old boy (Victim #1) for a period of five years. The Petitioner was a close and trusted friend of the victim and the victim's family who on occasion was entrusted with the care of the victim.
In CR92-50355 John Buckley, petitioner, was convicted of Risk of Injury to a Minor and Sexual Assault in the Fourth Degree. The victim (Victim #2) in this case was the younger brother of the victim in CR92-50354. The factual basis for the charges is that the Petitioner sexually molested this victim, over a period of time, when he, the victim, was between 5 to 9 years of age.
The Court sentenced the petitioner to a net effective sentence of 20 years execution suspended after 10 years incarceration to be followed by 5 years of probation. This sentence is to be served consecutive to the sentence the petitioner was serving in New Hampshire.
At the hearing before the Sentence Review Division counsel for petitioner stressed the sequence of judicial proceedings which petitioner believes resulted in a disproportionate sentence. The petitioner was convicted in Connecticut on January 7, 1992 for the custodial interference related to Victim #1. The petitioner was given a conditional discharge. At the end of 1992 the defendant was arrested in Connecticut on the instant charges. In June of 1993 petitioner was arrested for sexual molestation charges in New Hampshire for offenses that occurred in 1990 involving Victim #1. The Petitioner was tried and convicted in New Hampshire and sentenced to a term of imprisonment (7 1/2 to 15 years). Thereafter the petitioner was returned to Connecticut and entered a plea on the pending charges as indicated. There was no agreed upon disposition.
Counsel for petitioner stressed that the petitioner had been a law-abiding citizen and that his only criminal history involves the two brothers who are the victims in the cases before the Division. Counsel indicates that from the point in time from petitioner's conviction for custodial interference to the time of sentencing in 1995, the petitioner complied with all conditions relevant to his probation not to have any contact with the victims or their family. CT Page 3114
Counsel for petitioner also expressed his concern for the comments attributable to the sentencing court in New Hampshire wherein the judge indicated that it was the court's impression that persons sentenced to incarceration in Connecticut only serve 10 percent of the incarceration time imposed. Counsel implied that therefore the New Hampshire court imposed a harsher sentence than necessary in order to make up for any perceived lenity in Connecticut's corrections system.
Counsel for petitioner claimed the "consecutive sentence of 10 years is disproportionate."
Counsel for the State countered that the petitioner represented a "monster under a child's bed." Counsel for the State noted that the New Hampshire sentencing court indicated that whatever impressions the court had relevant to the amount of time an inmate in Connecticut served in relation to his sentence was not the basis of his sentence. Counsel referred the court to page 20 of New Hampshire sentencing transcript wherein the judge said: "It is not the basis of my decision. I think I have to impose what I consider to be an appropriate sentence. Connecticut will do what it will . . ."
The sentencing judge in Connecticut had before him the transcript of the New Hampshire sentencing proceeding. The court noted, inter alia "The harm you have done to the family is obviously incalculable." The court further noted that what transpired in Connecticut, the basis for the charges here, was "far worse, far more lasting, took far longer to perpetrate the crimes, over a five year period, far longer than in New Hampshire. That was just a vacation trip."
It is noteworthy that the petitioner's exposure for the offenses for which he was convicted was 22 years incarceration.
The court went on to impose the net effective sentence as indicated.
Pursuant to Connecticut Practice Book § 43-23 et seq., the Sentence Review Division is limited in the scope of its review. The Division is to determine whether the sentence imposed "should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended."
The Division is without authority to modify sentences except in accordance with the provision of Connecticut Practice Book § 43-23 et seq. and Connecticut General Statute § 51-94 et seq. CT Page 3115
In reviewing the records as a whole, the Division finds that the sentencing court's actions were in accordance with the parameters of Connecticut Practice Book § 43-23 et seq.
The sentence imposed was neither inappropriate nor disproportionate.
The sentence is AFFIRMED.
Miano, J., Norko, J., and Ianotti, J. participated in this decision.